UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES RAY JOHNSON,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>RAMADA BY WYNDHAM,<br><br>　　　　　　　Defendant. | 4:24-CV-04024-CCT<br><br>**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915 SCREENING** |

Plaintiff Charles Ray Johnson filed a pro se lawsuit. Docket 1. Johnson moves for leave to proceed in forma pauperis. Docket 3.

I.　**Motion to Proceed In Forma Pauperis**

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). Johnson's financial affidavit shows that he has insufficient funds to pay the filing fee. Thus, Johnson's motion for

leave to proceed in forma pauperis, Docket 3, is granted. This Court now screens Johnson's complaint under 28 U.S.C. § 1915(e)(2).

## II. 1915 Screening

### A. Factual Background

Johnson had rented a hotel room from Ramada by Wyndham. Docket 1 at 4. Johnson's companion parked in a handicapped parking space, which was covered in a layer of ice. *Id.* "After a confrontation about the situation [Johnson] & his companion was [sic] not allowed to rebook their room and told (as the ice still remained) to not come back to the hotel for 2 days until the snow melts." *Id.* Johnson is a black man who is disabled; Johnson's companion is white and disabled. *Id.*

Johnson claims that Defendant violated the Americans with Disabilities Act (ADA) and engaged in "[d]iscrimination, [r]etaliatory behavior/actions leading to retaliation & intentional infliction of emotional stress." *Id.* Johnson requests monetary damages of $3.5 million and injunctive relief requiring Defendant to hire on-call snow clearance for the disabled parking space and front entrance. *Id.*

### B. Legal Standard

A court when screening under § 1915 must assume as true all facts well pleaded in the complaint. *Est. of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with

this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam) (citations omitted).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted). If a complaint does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663–64 (8th Cir. 1985). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a complaint "must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing *Twombly*, 550 U.S. at 553–63)). Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." *Braden v. Wal-Mart Stores, Inc.*,

588 F.3d 585, 594 (8th Cir. 2009) (internal quotation omitted) (quoting *Twombly*, 550 U.S. at 556).

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a), the court must then determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982); *see also Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The court must dismiss claims if they "(i) [are] frivolous or malicious; (ii) fail[ ] to state a claim on which relief may be granted; or (iii) seek[ ] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

### C. Legal Analysis

Johnson generally alleges that he brings claims under the ADA, but he does not specify under which sections of the ADA he brings his claims. Docket 1 at 3–4. Liberally construing Johnson's complaint, he alleges claims for retaliation and discrimination in violation of the ADA. *See id.*

#### 1. Title III ADA Discrimination Claims

Title III of the ADA states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). "Discrimination under Title III specifically includes the failure to make reasonable modifications in policies, practices, or procedure to accommodate a

4

disabled individual, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of the services." *Mershon v. St. Louis Univ.*, 442 F.3d 1069, 1076 (8th Cir. 2006) (citing 42 U.S.C. § 12182(b)(2)(A)(ii)). A discrimination claim under Title III of the ADA "requires that a plaintiff establish that (1) he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA." *Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 956 (8th Cir. 2018) (quoting *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 368 (2d Cir. 2008)).

A "public accommodation" includes "an inn, hotel, motel, or other place of lodging . . . if the operations of such entities affect commerce[.]" 42 U.S.C. § 12181(7)(A). Johnson claims that he and his companion rented a room at Defendant Ramada by Wyndham, which is a hotel. Docket 1 at 4. Thus, for the purposes of screening, Johnson has met the second prong.

This Court now turns to the first prong to determine whether Johnson has alleged sufficient facts to determine that he is disabled under the definition of the ADA. "The ADA defines a disabled person as an individual with a physical or mental impairment that substantially limits one or more of that person's major life activities, an individual who has a record of such an impairment, or an individual who is regarded as having such an impairment." *Scheffler v. Dohman*, 785 F.3d 1260, 1261 (8th Cir. 2015). *See also* 42 U.S.C. § 12102(1). "[M]ajor life activities include, but are not limited to, caring for

5

oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2). An individual meets the "being regarded as having such an impairment" requirement "if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A).

Here, Johnson states that his is on disability and that he is "a black disabled male." Docket 1 at 4. However, he does not allege any facts showing that his alleged disability meets the definition of a disability under the ADA. *Id.* By "on disability," this Court assumes that Johnson means that he receives payments from the Social Security Administration due to a disability preventing him from working. *Id.* The Eighth Circuit has held that "Social Security determinations, however, are not synonymous with a determination of whether a plaintiff is a 'qualified person' for the purposes of the ADA. At best the Social Security determination was evidence for the trial court to consider in making its own independent determination." *Robinson v. Neodata Servs.*, 94 F.3d 499, 502 n.2 (8th Cir. 1996) (internal citations omitted).

Johnson also claims that his companion, who was also disabled, parked in a handicapped parking space, but it is unclear whether parking in the handicapped spot was for Johnson's or his companion's alleged disability. *Id.* Further, Johnson does not explicitly state that he had a handicapped parking

6

pass, but even if he did, courts have held that possession of a handicapped parking pass alone may be insufficient to find a plaintiff disabled under the ADA. *See Tucker v. Astrue*, No. 10–3525, 2011 WL 6370682, at *3 (W.D. Mo. Dec. 20, 2011) ("[T]he issuance of a handicapped parking permit 'adds nothing to a finding of disability here because there is no evidence that the two have substantially similar requirements for finding a person to be disabled.'" (quoting *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007)); *Haigh v. Gelita USA, Inc.*, No. 06–CV–4081, 2009 WL 2835164, *7 (N.D. Iowa Aug. 28, 2009) ("While Plaintiff's possession and use of a handicapped permit alone may not be sufficient to find him disabled under the ADA, it is certainly relevant in considering the nature and severity of his impairments."). Thus, Johnson has not alleged sufficient facts to show that he is disabled under the ADA. Because Johnson has not shown he is disabled as defined in the ADA, this Court need not turn to the third prong of his ADA claim.

Further, even if Johnson had stated a claim under 42 U.S.C. § 12182(a), many courts have held that money damages are not recoverable. 42 U.S.C. § 12188(a–b); 42 U.S.C. § 2000a-3(a); *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000) (citing 42 U.S.C. § 12188(a)(1)); *Stebbins v. Leg. Aid of Ark.*, 512 F. App'x 662, 663 (8th Cir. 2013); *Hillesheim v. Holiday Stationstores, Inc.*, 953 F.3d 1059, 1062 (8th Cir. 2020); *Woods v. Wills*, 400 F. Supp. 2d 1145, 1163 (E.D. Mo. 2005). Thus, Johnson's ADA discrimination claims are dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2. Retaliation Claim

The ADA prohibits retaliation "against any individual because such individual has opposed any act or practice made unlawful by this Act or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). To establish a prima facie case of retaliation under the ADA, plaintiff must demonstrate "(1) that he engaged in a statutorily protected activity, (2) that an adverse action was taken against him, and (3) a causal connection between the adverse action and the protected activity." *Mershon*, 442 F.3d at 1074 (quoting *Amir v. St. Louis Univ.*, 184 F.3d 1017, 1025 (8th Cir. 1999)). "If this prima facie showing is made, 'the burden then shifts to the defendant to proffer a legitimate nondiscriminatory reason for the adverse action.'" *Id.* (quoting *Amir*, 184 F.3d at 1025–26). In the employment context, the Eighth Circuit has held that informally requesting an accommodation is protected activity. *See Kirkeberg v. Canadian Pac. Ry.*, 619 F.3d 898, 907–08 (8th Cir. 2010) (citing *Heisler v. Metro. Council*, 339 F.3d 622, 632 (8th Cir. 2003)). "An individual who is adjudged not to be a qualified individual with a disability may still pursue a retaliation claim under the ADA as long as []he had a good faith belief that the requested accommodation was appropriate." *Heisler*, 339 F.3d at 632 (internal citations and quotations omitted).

Here, Johnson claims that "[a]fter a confrontation about the situation [he] & his companion was not allowed to rebook their room and told (as the ice still remained) to not come back to the hotel for 2 days until the snow melts."

8

Docket 1 at 4. Liberally construing Johnson's complaint, he alleges that he informally reported a violation of the ADA because the handicapped parking space was covered with ice and snow. Because of the informal report, Johnson was not allowed to rebook a room at the hotel. *Id.* Johnson has not shown that he is disabled under the ADA, but he appears to believe that he was disabled when he had a confrontation about the handicapped parking space. Thus, Johnson has alleged sufficient facts for his ADA retaliation claim for injunctive relief to survive § 1915 screening by a thin margin.

Many district courts have held that "compensatory and punitive damages are not available on retaliation claims brought under 42 U.S.C. § 12203." *Riggs v. Bennett Cnty. Hosp. & Nursing Home*, No. 16-5077, 2019 WL 1441205, at *13 (D.S.D. Mar. 31, 2019) (citing *Kramer v. Banc of Am. Sec., LLC,* 355 F.3d 961, 965 (7th Cir. 2004)); *see also Harms v. City of North Platte*, No. 8:17CV301, 2017 WL 6501848, at *2 (D. Neb. Dec. 19, 2017) (collecting cases and holding that § 12203 does not allow recovery of money damages); *Johnston v. City of Fort Smith*, No. 2:18-CV-02152, 2021 WL 11132513, at *1 (W.D. Ark. May 26, 2021). Thus, Johnson's ADA retaliation claim for money damages is dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

### 3. Racial Discrimination Claim

In Johnson's complaint, he alleges a discrimination claim and states that he "is a black disabled male & his companion was white[.]" Docket 1 at 4. It is unclear if Johnson is alleging a discrimination claim based under only the ADA

or a racial discrimination claim as well. However, this Court liberally construes Johnson's complaint to allege a racial discrimination claim.

### a. Title II of the Civil Rights Act of 1964 (42 U.S.C. § 2000a)

42 U.S.C. § 2000a prohibits "discrimination or segregation on the ground of race, color, religion, or national origin" in places of public accommodation. 42 U.S.C. § 2000a(a); *see also* 42 U.S.C. § 2000a-2. A public accommodation includes "any inn, hotel, [or] motel . . . if its operations affect commerce, or if discrimination or segregation by it is supported by State action[.]" 42 U.S.C. § 2000a(b)(1).

The Eighth Circuit has held that courts lack jurisdiction over § 2000a-2 claims when the plaintiff "did not establish that they filed a charge with the appropriate state agency before filing their federal action." *Zean v. Choice Hotels Int'l, Inc.*, 801 F. App'x 458, 459 (8th Cir. 2020) (per curiam). *See also* 42 U.S.C. § 2000a-3(c) (requiring notice to a state if the state has a law providing relief for prohibited denial of public accommodation); SDCL § 20-13-23 (prohibiting discrimination based on race in the provision of public accommodations); SDCL § 20-13-28 ("The Division of Human Rights may receive, investigate, and pass upon charges alleging unfair or discriminatory practices."). Because Johnson has not first established that he had filed a charge with the appropriate state agency, this Court lacks jurisdiction over his claim under 42 U.S.C. § 2000a.

Even if this Court has jurisdiction, Johnson has alleged insufficient facts to state a *prima facie* case under 42 U.S.C. § 2000a. "In order to establish a

*prima face* case for discrimination under 42 U.S.C. § 2000a, plaintiff must show that []he (1) is a member of a protected group; (2) was similarly situated by circumstance to other individuals outside that group; and (3) was treated more harshly or disparately than similarly situated non-group members." *Abdull v. Lovaas Inst. For Early Intervention Midwest*, No. 13–2152, 2014 WL 6775275, at *6 (D. Minn. Dec. 2, 2014) (citing *O'Neal v. Moore*, No. 06–2336, 2008 WL 5068947, at *20 (D. Minn. Aug. 22, 2008), *aff'd*, 355 F. App'x 975 (8th Cir. 2009) (per curiam)), *aff'd,* 819 F.3d 430 (8th Cir. 2016).

The context of racial discrimination is unclear from Johnson's complaint. *See* Docket 1. He has not alleged how he or his companion were racially discriminated against. *See* Docket 1. The discrimination that Johnson alleged occurred appears to be due to his report of ice in the handicapped parking space. *Id.* at 4. Thus, Johnson has alleged insufficient facts to state a claim upon which relief may be granted under 42 U.S.C. § 2000a, and his § 2000a claim is dismissed without prejudice for failure to state a claim upon which relief may be granted.

Even if Johnson had stated a claim, when a plaintiff brings a private action under § 2000a, "he cannot recover damages." *Newman v. Piggie Park Enters.*, 390 U.S. 400, 402 (1968). Thus, Johnson would be unable to recover money damages under § 2000a, and the only injunctive relief he requests does not relate to racial discrimination.

### b. 42 U.S.C. § 1981

Johnson's complaint could be liberally construed to allege a claim under 42 U.S.C. § 1981. Under § 1981,

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). "A plaintiff establishes a prima facie case under § 1981 by showing (1) membership in a protected class; (2) the intent to discriminate on the basis of race on the part of the defendant; and (3) discrimination interfering with a protected activity (i.e., the making and enforcement of contracts)." *Daniels v. Dillard's, Inc.*, 373 F.3d 885, 887 (8th Cir. 2004) (citing *Bediako*, 354 F.3d at 839); *see also Williams v. Lindenwood Univ.*, 288 F.3d 349, 355 (8th Cir. 2002).

Here, Johnson claims that he is a member of a protected class. Docket 1 at 4. He claims that he was not allowed to return to the hotel for two days because of ice. *Id.* He alleges a claim for discrimination, but he does not appear to allege discriminatory intent based on his race. *Id.* Thus, Johnson's claim under 42 U.S.C. § 1981 is dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

### 4. State-Law Claim

Johnson's complaint could also be liberally construed to allege a state-law intentional infliction of emotional distress claim. Docket 1 at 3–4. A district

court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Because these claims are part of the same case or controversy, this Court exercises supplemental jurisdiction over Johnson's state-law intentional infliction of emotional distress claim.

A prima facie case for intentional infliction of emotional distress under South Dakota law requires that the plaintiff allege:

> (1) an act by the defendant amounting to extreme and outrageous conduct; (2) intent on the part of the defendant to cause the plaintiff severe emotional distress; (3) the defendant's conduct was the cause-in-fact of plaintiff's distress; and (4) the plaintiff suffered an extreme disabling emotional response to defendant's conduct.

*Est. of Johnson by & through Johnson v. Weber*, 898 N.W.2d 718, 726 (S.D. 2017) (quoting *Fix v. First State Bank of Roscoe*, 807 N.W.2d 612, 618 (S.D. 2011)). "For conduct to be outrageous, it must be so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (cleaned up and internal quotations omitted).

Here, Johnson does not allege any facts showing that Defendant intended to cause him severe emotional distress or that he suffered an extreme disabling emotional response to Defendant's action. Docket 1 at 4. Thus, Johnson's intentional infliction of emotional distress claim is dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. Conclusion

Accordingly, it is ORDERED

1. That Johnson's motion for leave to proceed in forma pauperis, Docket 3, is granted.

2. That Johnson's ADA retaliation claim for injunctive relief survives § 1915 screening.

3. That Johnson's remaining claims are dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

4. That the Clerk of Court shall send a blank summons form and Marshal Service Form (Form USM-285) to Johnson so that he may cause the complaint to be served upon Defendant.

5. That Johnson shall complete and send the Clerk of Court a summons and USM-285 form for Defendant. Upon receipt of the completed summons and USM-285 form, the Clerk of Court will issue the summons. Johnson shall return the completed forms to the Clerk of Court within **thirty (30) days from the date of this screening order**. If the completed summons and USM-285 form are not submitted as directed, the complaint may be dismissed.

6. The United States Marshal Service shall serve the completed summonses, together with a copy of the complaint (Docket 1) and this order, upon Defendant.

7. That Defendant will serve and file an answer or responsive pleading to the complaint on or before 21 days following the date of service or

       60 days if Defendant falls under Federal Rule of Civil Procedure 12(a)(2) or (3).

8. That Johnson will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

Dated May 6, 2025.

                BY THE COURT:

                /s/ *Camela C. Theeler*
                CAMELA C. THEELER
                UNITED STATES DISTRICT JUDGE